L. A. ANDREW, Receiver, Appellee, v. G. H. OVERBECK, Appellant.

No. 41152.

March 15, 1932.

Rehearing Denied June 24, 1932.

J. C. Robinson, for appellee.

Breese & Cornwell, for appellant.

Albert, J.—The record in this case is so hazy and indefinite as to many material things that it is difficult to make an intelligent statement of the facts on which the case rests. It fairly appears that the plaintiff was appointed receiver of the Farmers State Bank of Rockwell in March, 1930. Among the assets of the bank was a note for $1,075, dated November 2, 1929, due May 2, 1930, signed by the Kruggel Hardware Company by Max W. Kruggel. The Kruggel Hardware Company was a duly organized corporation under the laws of the state of Iowa, stock in which was held by Max W. Kruggel and others. On the 9th day of January, 1930, G. H. Overbeck, father-in-law of Max W. Kruggel, signed an agreement and guarantee which is the basis of this action. Said guarantee reads as follows:

"Form of Agreement and Guarantee
"G. H. Overbeck and
"Kruggel Hardware Co., Inc., et al.
"January 9, 1930.
"Form of Agreement and Guarantee.
"This Indenture, Witnesseth: Whereas, there is now in existence a corporation located at Rockwell, in the State of Iowa known as the Kruggel Hardware Company duly organized and incorporated under the laws of the State of Iowa, the capital stock of which is held by Max W. Kruggel and others as shown by the books of the corporation;

"Whereas, Max W. Kruggel has given his personal note or notes to various banks and individuals, said notes being endorsed and payment thereof being guaranteed by G. H. Overbeck of Rockwell, Cerro Gordo County, Iowa, said notes being as follows:

| Date | Amount | Int. | Payee |
|---|---|---|---|
| Nov. 4, 1925 | $3750.00 | 6% | W. E. Murray |
| Dec. 18, 1924 | 2500.00 | 6% | F. W. Witte |
| Nov. 2, 1929 | 1075.00 | % | Farmers State Bank of Rockwell |
| ? | 3750.00 | 6% | Henry Roben |

"Whereas, the present financial condition of the corporation is such that liquidation at this time would result in serious loss to the shareholders, and in order that such a loss might be averted, H. D. Kruggel, now president of the corporation, has seen fit to enter into active supervision of the affairs of the. corporation;

"Whereas, H. D. Kruggel realizes that the creditors above named could seriously cripple the activities of the said corporation should they demand payment from Max W. Kruggel.

"I, G. H. Overbeck, endorser and guarantor of the notes above listed, do hereby guarantee H. H. Kruggel, as well as any and all other shareholders of the Kruggel Hardware Co., a corporation, that I personally bind myself, my heirs, executors, administrators or assigns, to hold harmless all the above items of indebtedness as against the said Kruggel Hardware Co., Inc., and against the said H. D. Kruggel or any other shareholders and all of them. It being the intent of this instrument to guarantee, personally, the payment of the interest and principal of the notes above enumerated and listed without liability to the Kruggel Hardware Co. Inc., or its shareholders."

There is no showing that the Farmers State Bank had any knowledge of the existence of this guarantee prior to the time it went into the hands of a receiver. On March 20, 1930, Overbeck served notice on the Kruggel Hardware Company, H. D. Kruggel and the plaintiff, receiver, of a cancellation, repudiation and rescission of said contract of guarantee, and set out his reasons therefor. The receiver then procured a copy of this guarantee contract which had been sworn to and recorded in the proper county, and it seems that the service of the

notice of cancellation on the receiver was the first knowledge he had of the existence of such contract of guarantee. In June, 1930, the Kruggel Hardware Company made an assignment for the benefit of creditors.

One of the questions raised in the case is whether or not this contract of guarantee ever covered the note sued on herein. When the note was offered in evidence, due objection was made. The plaintiff then introduced his testimony which consisted, so far as material to the consideration of this case, of that of the examiner in charge of the bank, who, of course, knew nothing about the original transaction. After his testimony was taken and that of one H. D. Kruggel, whose testimony is of no materiality except to show that he had seen the guarantee agreement and had the cashier in the bank draw the same and the same was sworn to before a notary, the plaintiff rested. Thereupon the defendant moved for a directed verdict, the sixth ground of the motion stating: ''There is no sufficient evidence to show that the note Exhibit A was even included or covered by the agreement, Exhibit B.''

Turning to the note itself, it purports to be and is a note of the Kruggel Hardware Company, its signature being attached thereto by Max W. Kruggel. It is not claimed in this case, nor could it be claimed, that this was a promissory note made by Max W. Kruggel such as to make it his personal obligation. Turning to the guarantee contract, it is found therein that the same guarantees the payment of the personal note or notes of Max W. Kruggel. It contains a description of the following notes:

''* * * *

Date Amount Int. Payee
Nov. 2, 1929 $1075.00 % Farmers State Bank of Rockwell''

Defendant in his answer specifically denies that the notes guaranteed by him in said written contract included the note sued on in this action. This denial put on the plaintiff the burden of showing that the note sued on herein was the identical note covered by the guarantee, and he has introduced no evidence whatever to so show. Further than this, the guarantee says:

582

"I, G. H. Overbeck, endorser and guarantor of the notes above listed, do hereby guarantee H. H. Kruggel, as well as any and all other shareholders of the Kruggel Hardware Co., a corporation, that I personally bind myself, * * * to hold harmless all the above items of indebtedness as against the said Kruggel Hardware Co. Inc., and against the said H. D. Kruggel or any other shareholders and all of them. It being the intent of this instrument to guarantee, personally, the payment of the interest and principal of the notes above enumerated and listed without liability to the Kruggel Hardware Company, Inc., or its shareholders."

We are unable to determine just what this means. Overbeck starts with the statement that he is guaranteeing notes above listed on which he was indorser and guarantor, while the original note, as set out in the record, does not bear his indorsement or guarantee. It contained no indorsement or guarantee whatever, and failing to contain such matter, it can not be held to be within this guarantee. In other words, plaintiff has failed to make a case in that he has failed to introduce sufficient evidence to show that the note sued on herein was covered by the original agreement and guarantee.

The court erred, therefore, in not sustaining the motion to direct a verdict in favor of the defendant.—Reversed.

WAGNER, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.